

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 04-113-BLG-RFC |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| MITCHELL JAMES CHANDLER, | |
| Defendant/Movant. | |

On November 19, 2012, Defendant/Movant Mitchell James Chandler ("Chandler"), a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Chandler also filed a memorandum in support.

## I. Preliminary Screening

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

ORDER / PAGE 1

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolaus"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On April 19, 2005, Chandler pleaded guilty to second-degree murder, a violation of 18 U.S.C. § 1111.[1] On August 22, 2005, he moved to withdraw his guilty plea, but I denied the motion on October 21, 2005. On February 28, 2006, Chandler was sentenced to serve 210 months in prison, to be followed by a five-year term of supervised release.[2] Judgment (doc. 59) at 2-3. Chandler appealed, but his conviction was affirmed on May 18, 2007. The Court of Appeals considered issues

---

[1] The crime occurred on the Crow Indian Reservation. Jurisdiction was predicated on the Major Crimes Act, 18 U.S.C. § 1153.

[2] Had Chandler not attempted to escape and lost what probably would have been a three-point downward adjustment for acceptance of responsibility, he would have had an advisory guideline range of 97-121 months. Sentencing Tr. (doc. 66) at 25:24-27:5; U.S.S.G. §§ 3C1.1, 3E1.1 Application Note 4 (2003).

very similar, but not identical, to those Chandler raises now. *United States v. Chandler*, No. 06-30178 (9th Cir. May 18, 2007) (unpublished mem. disp.) (doc. 68).

### III. Analysis

#### A. Timeliness

Chandler filed his § 2255 motion on November 1, 2012. Mot. § 2255 at 13. Chandler claims it is timely under 28 U.S.C. § 2255(f)(3), based on *Lafler v. Cooper*, __ U.S. __, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399 (2012). Mot. § 2255 (doc. 69) at 12; Mem. (doc. 70) at 3. It is not. It has long been the law in the Ninth Circuit that a defendant is entitled to the effective assistance of counsel when making the choice between pleading guilty and going to trial. *Turner v. Calderon*, 281 F.3d 851, 879-81 (9th Cir. 2002), and *United States v. Blaylock*, 20 F.3d 1458, 1465-68 (9th Cir. 1994), anticipate *Cooper* and *Frye*, respectively. Like *Turner* and *Blaylock*, the analyses in *Cooper* and *Frye* were straightforward applications of the long-established test for ineffective assistance of counsel to a defendant's choice to proceed to trial. *Cooper* and *Frye* did not establish a new right. *Cf. United States v. Lawton*, No. 12-3240, 2012 WL 6604576 (10th Cir. Dec. 19, 2012) (unpublished mem. disp.). But, just in case a future decision holds that *Cooper* and *Frye* did establish a new right, the merits of Chandler's motion will be considered as well.

**B. Merits**

Chandler claims counsel was ineffective because he did not argue that Chandler did not need a reason to withdraw his plea before the acceptance of his plea. Mem. (doc. 70) at 1-2. He also asserts that counsel ineffectively advised him to plead guilty when he had a strong defense. *Id.* at 3.

**1. Legal Standard for Withdrawal of Guilty Plea**

I accepted Chandler's guilty plea when he entered it, on April 19, 2005. Change of Plea Tr. (doc. 30) at 46:18-20 ("I now accept Mr. Chandler's plea and adjudge him guilty of the crime set forth in the indictment."). I did not accept the plea agreement at that time, *id.* at 19:17-21 ("[I]f I don't follow the recommendations that could be construed to be made in this plea agreement . . . – and whether I'm going to or not I don't know, sitting here right now."), but that is a different thing. The plea agreement was governed by Fed. R. Crim. P. 11(c)(1)(B). Plea Agreement (doc. 26) at 2 ¶ 5. Chandler was advised that he would not be able to withdraw his plea if I did not follow the parties' recommendations. Change of Plea Tr. at 18:19-20:4; Fed. R. Crim. P. 11(c)(3)(B). When he moved to withdraw his plea in August, his motion was plainly governed by Fed. R. Crim. P. 11(d)(2)(B), not (d)(1). Counsel correctly advised him that he was required to show a fair and just reason to withdraw his plea. Hr'g Tr. (doc. 45) at 6:10-13. Chandler's claim that counsel did not

communicate the correct standard is denied.

### 2. Defense to the Charge

At the hearing on the motion to withdraw the plea, Russ Curry testified about his investigation of the case. Hr'g Tr. at 48:13-54:11, 56:14-58:20, 68:19-71:11, 75:8-13, 78:8-80:22, 84:18-85:16, 89:11-18. He explained that his interviews indicated that witnesses would not say what Chandler thought they would say. *Id.* at 72:16-23. Counsel Mark Werner also testified that he and Chandler discussed lesser included offenses and the legal standards that applied to the evidence. *E.g., id.* at 91:9-93:21, 95:15-96:18. But Chandler reiterated, at the hearing on the motion to withdraw his guilty plea, that he acted recklessly. *Id.* at 24:17-25:19. He did. Chandler characterized his fight with the victim as "mutual battle" the first time, yet he also admitted he returned to the party with a knife for the second round. *Compare* Hr'g Tr. at 25:5-26:17 *with* Change of Plea Tr. at 30:15-31:24, 33:15-36:2. That is murder, nothing less. Chandler did not have a realistic defense. This claim is denied as well.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes

"a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Aside from the evident untimeliness of the motion, Chandler is not entitled to relief on the merits. The law plainly required him to show a fair and just reason in August 2005 to withdraw his guilty plea after I had accepted it and adjudged him guilty on April 19, 2005. And his own testimony at the change of plea hearing and at the hearing on his motion to withdraw his guilty plea, as well as the testimony of the defense investigator and previous defense counsel, showed he did not have a defense to the charge. Chandler does not make a substantial showing that he was deprived of a constitutional right, and there is no reason to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Chandler's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 69) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Chandler files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 12-147-BLG-RFC are terminated and shall close the civil file by entering judgment in favor of the United States and against Chandler.

DATED this 12th day of February, 2013.

Richard F. Cebull, Chief Judge
United States District Court